**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**


**CHARLES C. SANMANN,**

   **Plaintiff,**

**vs.**                                                    **Case No. 4:10cv86-MCR/WCS**

**UNITED STATES GOVERNMENT,**

   **Defendant.**

_____/


## <u>REPORT AND RECOMMENDATION</u>

After service of the *pro se* Plaintiff's second amended complaint, docs. 14 and

15, an answer was filed on September 23, 2010, doc. 19.  Discovery concluded and

Defendant filed a motion for summary judgment on January 20, 2011, doc. 22,

supported by a separate statement of undisputed facts and supporting evidence, doc.

23.  Plaintiff filed a response, doc. 24, with the limited guidance provided in the

Scheduling Order.  Because Plaintiff is a *pro* se litigant*,* I entered another order

providing greater information to Plaintiff on his obligation under Rule 56, providing an

opportunity to submit an amended response to the summary judgment motion and

setting a deadline for filing his opposition.  Doc. 25.  That order also advised Plaintiff

that his first response, doc. 24, was insufficient to withstand summary judgment as filed.

Plaintiff has filed an amended answer, doc. 26, which includes argument, but does not contain a clear statement of material facts as to which Plaintiff contends there is a genuine dispute such that summary judgment is not appropriate.  Plaintiff also filed four pages of exhibits which may be considered as Rule 56 evidence in opposition to summary judgment.

**Legal standards governing a motion for summary judgment**

On a motion for summary judgment Defendant initially has the burden to demonstrate an absence of evidence to support the nonmoving party's case.  Celotex Corporation v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2553-54, 91 L. Ed. 2d 265 (1986).  If accomplished, the burden shifts to Plaintiff to come forward with evidentiary material demonstrating a genuine issue of material fact for trial.  Id.  An issue of fact is "material" if it could affect the outcome of the case.  Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004) (citations omitted).  Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is insufficient.  The court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Hickson Corp., 357 F.3d at 1260, *quoting* Anderson v. Liberty Lobby, 477 U.S. 242, 252, 106 S. Ct. 2505, 2505, 91 L. Ed. 2d 202 (1986).  All reasonable inferences must be resolved in the light most favorable to the nonmoving party, Watkins v. Ford Motor Co., 190 F.3d 1213, 1216 (11th Cir. 1999), if there is a genuine dispute as to those facts.  Scott v. Harris, 550 U.S. 372, 380, 127

S.Ct. 1769, 167 L.Ed.2d 686 (2007), *cited in* Ricci v. DeStefano, 129 S.Ct. 2658, 2677

(2009).  "Where the record taken as a whole could not lead a rational trier of fact to find

for the nonmoving party, there is no genuine issue for trial."  Matsushita Elec. Industrial

Co., 475 U.S. at 587 (internal quotation marks omitted), *quoted in* Ricci v. DeStefano,

129 S.Ct. at 2677.

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by

her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on

file,' designate 'specific facts showing that there is a genuine issue for trial.' "  Owen v.

Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting*

Celotex, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)).  The

nonmoving party need not produce evidence in a form that would be admissible as Rule

56(e) permits opposition to a summary judgment motion by any of the kinds of

evidentiary materials listed in Rule 56(c).  Owen v. Wille, 117 F.3d at 1236; Celotex, 477

U.S. at 324, 106 S. Ct. at 2553.

Local Rule 56.1(A) provides that a motion for summary judgment "shall be

accompanied by a separate, short and concise statement of the material facts as to

which the moving party contends there is no genuine issue to be tried.  Failure to submit

such a statement constitutes grounds for denial of the motion."  The Local Rule also

provides that the statement "shall reference the appropriate deposition, affidavit,

interrogatory, admission, or other source of the relied upon material fact, by page,

paragraph, number, or other detail sufficient to permit the court to readily locate and

check the source."  The Local Rule provides that the party opposing the motion shall

serve a similar statement of material facts as to which the party contends there is a

genuine issue to be tried, using the same format.  Facts set forth in Defendant's statement are deemed admitted unless controverted by Plaintiff in his statements of fact.  As noted above, Plaintiff's statement of facts points to the three exhibits he submitted, but Plaintiff does not clearly explain how the exhibits, particularly exhibit 3, supports his claim.

**Allegations of the Complaint, doc. 14**

Plaintiff claims that he received a notice on June 9, 2007, advising him of his "2007 tax refund" for $9,590.00.  Doc. 14, p. 5.  Plaintiff alleges that before he "filed the 1040 Form for [his] 2007 return, someone else had tryed [sic] to file it on a 2006 form, the I.R.S. notified [Plaintiff] of this, and [he] let them no [sic] it was not" Plaintiff as he had filed his claim "on a 2007 form."  Doc. 14, p. 5, ¶ 2.  Plaintiff contends he has "been trying to get the 2007 refund that the I.R.S. has an endefinate [sic] hold on the 2007 refund."  *Id.*, at 6, ¶ 6.  Plaintiff alleged that he suffered greatly because of not receiving the $9,590.00 refund that he claims "they should have in 2008."  *Id.*, at 6, ¶ 8-¶ 9.  Plaintiff asserts his right to a "legitimate tax refund check for the year 2007."  Doc. 14, p. 7.

Attached to Plaintiff's complaint was a Notice mailed to Plaintiff at Graceville Correctional Institution, from the I.R.S., dated June 9, 2008, identifying the Notice as being relevant to Plaintiff's 1040EZ Tax Form for Tax Year December 31, 2007.  Doc. 14, p. 9.  That notice advised Plaintiff of an error on his "2007 Federal Income tax Return" in line 10 of the 1040EZ Form.  The notice stated "Amount of Refund $9,590.00."  *Id.*  The next page lists at the top: "2007 Tax Return Form 1040 EZ as of June 9, 2008" and contains a graph showing the difference between Plaintiff's figures

and IRS figures lists.  Doc. 14, p. 10.  The IRS figures show an overpayment of $9,590.00 based on total tax payments of $23,783.00.  *Id.*  Another document attached to Plaintiff's complaint was a letter to Plaintiff stating that relevant to the December 31, 2007 tax period, and to a 1040 Form, the I.R.S. was holding the refund until a more thorough review was completed to ensure accurate information.  Doc. 14, p. 13.  The letter also directed Plaintiff to send in documentation to "verify the income and withholding."  *Id.*  Also attached to Plaintiff's Complaint is Plaintiff's Declaration Statement on a Form 12483 in which Plaintiff wrote the statement: "I did not file my 2007 on 2006 form.  I did file 2007 on 2007 form."  Doc. 14, p. 16.  Plaintiff did not complete the information requested on the form, but wrote in his own statement.  *Id.*

**Rule 56 evidence**

Defendant notes that Plaintiff filed this case claiming he had been deprived of his 2007 tax refund in the amount of $9.590.00.  *See* doc. 23, p. 1, *citing* doc. 14, p. 5. Plaintiff bases his case on a letter he received from the IRS advising him that adjustments had been made to his income tax return for the 2007 tax year and he was entitled to a $9.590.00 tax refund.  Doc. 23, p. 1, *citing* doc. 14, pp. 9-10.

However, Plaintiff did not file a Form 1040 or Form 1040EZ for the 2007 tax period.   Doc. 23, p. 1.  Plaintiff was incarcerated for all of 2007 and did not earn any income in 2007.  *Id.*  Thus, Plaintiff did not have any withholding or pay any federal income taxes for the 2007 tax year.  *Id.*

In response to the Government's discovery requests, Plaintiff contends "he seeks a refund concerning taxes paid between September 2005 and March 2006, and that he used a 2007 tax form to report his income tax liability for that tax period."  Doc. 23, p. 2.

Plaintiff has not, however, produced the tax return for any period in which he purportedly filed to support his refund claim.  *Id.*, at 2.

On the First Set of Interrogatories, Plaintiff stated that his "income tax filing was for the partial 2005/2006 tax period, and was filed on a 2007 income tax form from 2007 on a 1040 EZ."  Doc. 23-2, p. 4 (Exhibit B).  Plaintiff also wrote that "the tax form that [he] filed was filed long befor [sic] the 2007 tax year was over."  *Id.*  Plaintiff was incarcerated beginning in March, 2006, and in all of 2007.  Doc. 23-2, p. 7.  Plaintiff acknowledges making no payments to the IRS for the 2007 tax year, and states no payments were made on his behalf.  Doc. 23-2, p. 7.

When asked to list all communications between Plaintiff or others representing him and the IRS for 2007 through the present, Plaintiff wrote "none, not sure how to answer."  Doc. 23-2, p. 9.  Similarly, when asked to state when he initially believed he was "entitled to a tax refund for 2007 and how that belief came about" Plaintiff answered "Never."  Doc. 23-2, p. 10.  Plaintiff then wrote "Just split year tax period second part, filed for in 2007, for first part 2006, that's what I was told to do, see attached paperwork."  Doc. 23-2, p. 10.  Plaintiff was also asked to identify facts concerning his claim, list any persons with knowledge, and state any document containing information evidencing, concerning, or related to" that interrogatory, and Plaintiff wrote "None."  Doc. 23-2, p. 10.  Plaintiff signed under penalty of perjury the answers to his interrogatories were true and correct., Doc. 23-2, p. 13.

In the Request for Admissions, Plaintiff acknowledges not filing any tax forms for the 2007 tax year, having no income, no withholding, no tax payments, and being incarcerated from the time of his arrest (March 12, 2006) through 2007 as he was

sentenced to 30 years in prison on July 9, 2007.  Doc. 23-2, p. 2.  Plaintiff was

specifically asked to verify that he "did not have income exceeding $50,000 in 2007,"

and that he "did not pay $23,783.00 to the IRS for the 2007 tax period" and Plaintiff

answered "True" to each statement.  Doc. 23-3, p. 2.  Plaintiff then sought to provide an

"explanation for answers" to the Request for Admissions, and stated that when he filed

a Form 1040 EZ, it was "for the split tax period of September 2005 threw [sic] March

2006."  Doc. 23-2, p. 5.  Plaintiff also explained that he never claimed to have paid

$23,783.00 to the I.R.S. for the 2007 tax period.  Doc. 23-2, p. 6.

When asked to provide copies of documents referred to in his complaint, copies

of correspondence with or from the IRS, and documents relevant to his tax payment or

withholdings for his 2007 tax liability, and a copy of the Form he filed for the 2007 tax

year, Plaintiff wrote "None."  Doc. 23-4, p. 3.  Plaintiff stated that all of his paper work

was stolen from his camper in New Orleans.  *Id.*

Plaintiff responded to the summary judgment motion by stating at the outset that

he "did not file tax return for the tax period of 2007."  Doc. 26, p. 1.  Plaintiff's response

is said to be "true and correct to the best of his knowledge" and Plaintiff asserts it is

under penalty of perjury, although Plaintiff did not put his signature under that

statement.  Doc. 26., p. 8.  His statements are, nevertheless, considered and the four

documents Plaintiff submitted as exhibits with his response may be properly considered

as Rule 56 evidence.

The first exhibit was the Notice mailed to Plaintiff from the I.R.S., dated June 9,

2008, advising Plaintiff of an error on his "2007 Federal Income tax Return" in line 10 of

the 1040EZ Form for "tax year: December 31, 2007."  Doc. 26, p. 9.  That notice, with

the attached graph showing difference between Plaintiff's figures and IRS figures, was

discussed previously in explaining the factual basis for this complaint.  *See supra*, pp. 4-

5.  The second exhibit presented with Plaintiff's opposition was the graph.  Doc. 26, p.

10.  The third exhibit is a copy of the letter Plaintiff received from the IRS stating that

they "received a returned refund check of $9,590.00 for the tax period listed above."

Doc. 26, p. 11.  The tax period listed was for December 31, 2007, and the reference

was to a Form 1040.  *Id.*  The letter was mailed to Plaintiff at Graceville Correctional

Institution.  *Id.*  The final page of the exhibits is Plaintiff's Declaration Statement, which

Plaintiff submitted with his complaint, and on which Plaintiff wrote the statement: "I did

not file my 2007 on 2006 form.  I did file 2007 on 2007 form."  Doc. 14, p. 16.

**Analysis**

Plaintiff must come forward with evidence to show that he is entitled to a tax

refund.  Plaintiff's complaint specifically alleged that he was seeking his "tax refund

check for the year 2007."  Doc. 14, p.  7.  The undisputed evidence above, however, is

that Plaintiff did not earn any money in 2007 as he was incarcerated that entire year

and, thus, is not entitled to a tax refund.  Plaintiff paid no taxes in 2007 and cannot be

refunded that which he did not pay.

It appears that after being confronted with Defendant's discovery requests,

Plaintiff has changed his version of this case and now asserts he is due a refund for the

partial 2005 and 2006 tax period.  Because Plaintiff's claims in this case were not for

that tax period, but for 2007, Plaintiff's changed assertions are to no avail.  Plaintiff did

not administratively exhaust any request for a 2005 or 2006 tax refund.  Plaintiff may not

alter the basis for his claims at the summary judgment stage of litigation.

Plaintiff has no documentation to support of any his assertions of his entitlement for any tax year.  Indeed, Plaintiff has not even provided the tax return which he allegedly filed.  Without any evidence to show he overpaid his federal taxes, there is no evidence to support his claim that he is owed a tax refund.  Summary judgment should be entered in favor of the Defendant.  Moreover, because Plaintiff lacks any support for his claim and this case has been fraudulently filed, in granting summary judgment for the Defendant, the Court should impose a "strike" on Plaintiff for bringing a malicious lawsuit under 28 U.S.C. § 1915(e)(2).

In light of the foregoing, it is respectfully **RECOMMENDED** that the Defendant's motion for summary judgment, doc. 22, be **GRANTED** and judgment entered in favor of the Defendant.  It is additionally **RECOMMENDED** that the order adopting this report and recommendation find that this case was frivolous as Plaintiff lacks any evidentiary support for his claim, and the Clerk be directed to impose a "strike" as this case is malicious under 28 U.S.C. § 1915(e)(2)(B)(i).

**IN CHAMBERS** at Tallahassee, Florida, on June 8, 2011.


 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**